**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4691

BIENVENIDO ANTONIO NUNEZ-DEJESUS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                      No. 96-4692

RUEBEN DARIO JOSE SANCHEZ, a/k/a
Luis Enriquez Cruz,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-96-4)

Submitted: March 18, 1997

Decided: April 22, 1997

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina; David Erik Albright, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Bienvenido Antonio Nunez-DeJesus (Nunez) and Rueben Dario Jose Sanchez were convicted by a jury of conspiracy to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846 (1994) and possession with intent to distribute 992 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). Nunez and Sanchez each received a sentence of 120 months incarceration with eight years supervised release. In their consolidated appeals, Nunez and Sanchez allege insufficiency of the evidence to support their convictions. Finding sufficient evidence to sustain the jury's verdicts, we affirm both Appellants' convictions and sentences.

I.

Viewed in the light most favorable to the Government, the evidence at trial disclosed that on January 25, 1996, local law enforcement officers were performing narcotics interdiction at the bus station in Greensboro, North Carolina, focusing on a bus arriving from New York City. Agent Wayne Kowalski questioned Nunez, the first passenger to exit the bus, followed by Sanchez. Nunez stated that he

came from Newark, New Jersey and produced a ticket under the name of "Jones," as well as a passport bearing the name "Nunez." The ticket was for a trip from Newark to Burlington, North Carolina, via Greensboro. A consensual search of his person and his black and red nylon carry-on bag did not uncover any contraband.

Meanwhile Agent Angela Tackett observed Sanchez walk down the side of the bus, open the cargo area door, remove two bags from beneath the bus, and place them on the ground. Upon Tackett's inquiry, Sanchez stated that he came from New Jersey. Sanchez verified that the two bags belonged to him. When Kowalski asked for his bus ticket, Sanchez handed him a New Jersey's driver's license instead in the name of "Luis Cruz," claiming Nunez had his ticket. Ticket receipts showed that Appellants' trip from New Jersey to North Carolina cost $170 and was paid for in cash; the tickets were for a one-way trip.

Sanchez consistently maintained that both bags, one a red, white, and blue nylon bag and the other a dark green duffle bag, belonged to him. Although a consensual search of the red, white, and blue bag did not reveal contraband, Kowalski's search of the green duffle bag uncovered electronic scales and two oblong duct tape-wrapped packages containing 992 grams of cocaine hydrochloride, estimated at approximately $100,000 in street value. While agents were searching the bags, Nunez, appearing nervous and fidgety, walked over to a trash can, removed a bus envelope from his pocket, took out a small piece of paper from the envelope, tore it up, and threw it in the trash can. After discovering the drugs, Nunez and Sanchez were arrested. Shortly thereafter, officers retrieved the torn pieces of paper from the trash can and found they comprised the baggage claim ticket for the green duffle bag. The officers who spoke with Nunez and Sanchez testified that neither of them appeared to have difficulty understanding or conversing in English.

II.

On direct appeal of a criminal conviction, a jury's verdict must be sustained if there is substantial evidence, viewed in the light most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is

3

considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Constructive possession of a controlled substance exists when the individual exercises or has power to exercise control over that substance. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). Constructive possession can be proven by circumstantial evidence, and does not have to be exclusive of anyone else. United States v. Laughman, 618 F.2d 1067, 1076-77 (4th Cir. 1980). Intent to distribute can be inferred if the amount of the controlled substance is larger than an amount normally consumed for personal use. United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990).

In a conspiracy case, the government must prove: (1) the existence of a conspiracy, (2) that the defendant knew of the conspiracy, and (3) that the defendant voluntarily became a part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. Id.; see also United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987).

Here, Nunez and Sanchez were traveling together under false names one-way from Newark to Greensboro and they paid for their tickets in cash. Throughout the incident, Sanchez claimed ownership of both bags. Officers later discovered that Nunez had torn up the baggage claim ticket for the green duffle bag which contained 992 grams of cocaine hydrochloride, an amount sufficient to warrant an inference of intent to distribute. See Fisher , 912 F.2d at 730.

Construing the evidence in the light most favorable to the prosecution, we find sufficient evidence for a jury to find beyond a reasonable doubt that the drugs were in Nunez's and Sanchez's possession and that they conspired to possess it with the intent to distribute it. While Nunez and Sanchez provided different explanations at trial for what transpired, it is well established that the credibility of witnesses is within the sole province of the fact finder and generally is unreviewable on appeal. United States v. Saunders , 886 F.2d 56, 60 (4th Cir. 1989).

4

Accordingly, we affirm Nunez's and Sanchez's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED